

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2007

# Cundiff v. Berreman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3504

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Cundiff v. Berreman" (2007). *2007 Decisions.* Paper 615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3504

_____

WARREN CUNDIFF,

Appellant

v.

RONALD BERREMAN; ANTHONY GOYDEN;
MR. GONZALEZ, #18; LEONARD DOMANSKI;
STEVEN TALLARD; DEPARTMENT OF CORRECTIONS,

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-02996)
District Judge: Honorable Jose L. Linares

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
April 24, 2007

Before: SCIRICA, Chief Judge, FUENTES and ALARCÓN,[*] Circuit Judges.

(Filed: August 6, 2007)

_____

[*] The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

In September 2001, Warren Cundiff, a convicted sex offender, agreed to undergo random drug and alcohol testing as a condition of his release from prison.[1] In June 2002, Cundiff tested positive for drug use in preliminary testing at his parole office,[2] and was consequently arrested and imprisoned for violating N.J. Stat. § 2C:43-6.4(d).[3] Cundiff remained in prison pending confirmation of the positive results by an independent laboratory. Two weeks after the preliminary positives, the parole office received negative results from the laboratory, and Cundiff was released.

In October 2004, Cundiff filed a complaint in federal court against various state defendants, alleging, inter alia, false arrest, false imprisonment, malicious prosecution,

---

[1] Under N.J. Stat. § 2C:43-6.4(a), a person convicted of certain sexual offenses must be sentenced to "parole supervision for life," and is thereby subject to various conditions of release, supervised by the Division of Parole of the State Parole Board. Pursuant to this provision, Cundiff agreed "to submit to drug or alcohol testing at any time as directed by the assigned parole officer." (App. 42a.) He also agreed "to refrain from the purchase, use, possession, distribution, or administration of any narcotic or controlled dangerous substance . . . except as prescribed by a physician." (Id.)

[2] The urine sample provided by Cundiff was tested twice—each test returned a positive result.

[3] Under that provision, "[a] person who violates a condition of a special sentence imposed pursuant to this section without good cause is guilty of a crime of the fourth degree."

and abuse of process. In a thorough and well-reasoned opinion, the District Court granted the defendants' motion for summary judgment on all of Cundiff's claims.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's grant of summary judgment. Mortellite v. Novartis Crop Protection, Inc., 460 F.3d 483, 488 n.3 (3d Cir. 2006). Having carefully reviewed Cundiff's arguments on appeal, we will affirm for substantially the reasons set forth in the District Court's opinion. In doing so, we note that Cundiff challenges the parole office's use of a "preliminary" drug test in deciding to arrest him for violating the conditions of his release. Cundiff does not, however, take issue with the test's reliability, and instead asserts that a variety of additional factors should have alerted the parole office that he was not using drugs. For example, Cundiff claims that he had no history of illegal drug use, that he adamantly denied using drugs, and that he did not appear to be on drugs when he tested positive. In spite of these considerations, we agree with the District Court that the two reliable, objective tests for drug use gave the parole office probable cause to arrest Cundiff.